UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EDWARD SCOT BREMER, | No. 2:14-CV-00407-JPH |
| Plaintiff, | ORDER |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

BEFORE THE COURT are cross-motions for summary judgment. ECF No. 14, 18. On October 13, 2015, plaintiff filed a reply. ECF No. 19. The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the parties' briefs, the court **grants** defendant's motion for summary judgment, **ECF No. 18**.

ORDER - 1

**JURISDICTION**

Bremer applied for disability insurance benefits (DIB) on September 19, 2013, alleging onset beginning August 15, 2006 (Tr. 148-54). Benefits were denied initially and on reconsideration (Tr. 90-92, 98-99). ALJ James W. Sherry held a hearing March 19, 2014. Bremer and a vocational expert testified (Tr. 38-70). On July 11, 2014, the ALJ issued an unfavorable decision (Tr. 19-32). The Appeals Council denied review on October 28, 2014 (Tr. 1-3). The matter is now before the Court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on December 19, 2014. ECF No. 1, 4.

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are briefly summarized here and as necessary to explain the court's decision.

Bremer was 32 years old on the date he was last insured and 34 at the hearing. He graduated from high school and attended college for two years but did not earn a degree. He served in the Army reserve and the Army, including a tour in Iraq. He was medically discharged from the Army in 2006. Plaintiff lives with his former spouse and two children, ages nine and twelve at the time of the hearing. In January 2007 he had left knee surgery. It helped at first but has become unstable again. Walking more than one half mile is painful. He can stand 45 minutes to an

hour and sit for an hour and a half. He experiences back and right sciatic nerve pain. Lifting is limited to twenty pounds. Plaintiff testified he has panic attacks about once a month that last ten to fifteen minutes. He suffers crying spells, isolation, depression and anxiety; medications do not "help very much." The Veterans' Administration found plaintiff has an eighty percent disability rating. (Tr. 40-42, 45-52, 54-56).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423 (d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established  a five-step sequential evaluation process

ORDER - 3

or determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. §404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work

in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress  has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g). Substantial

evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a

finding of either disability or nondisability, the finding of the Commissioner is

conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

ALJ Sherry found Bremer was insured through December 31, 2011 (Tr. 22).

At step one, the **A**LJ found Bremer worked after onset but not at substantial gainful

activities levels (Tr. 22). At steps two and three, he found plaintiff suffers from

lumbar degenerative disc disease (DDD) with radicular symptoms; degenerative

joint disease of both knees, status post acromioclavicular (ACL) reconstruction;

plantar fasciitis, status post bilateral stress fracture of the foot and post-traumatic

stress disorder (PTSD) or anxiety disorder with panic attacks, impairments that are

severe but do not meet or medically equal a listed impairment (Tr. 22-25). The

ALJ found plaintiff is able to perform a range of light work (Tr. 25). At step four,

relying on a vocational expert's testimony, the ALJ found Bremer is unable to

perform his past relevant work (Tr. 30). At step five, again relying on the VE, the

ALJ found plaintiff can perform other jobs such as printed circuit board assembler,

charge account clerk and final assembler (Tr. 30-31). The ALJ concluded Bremer

was not disabled from onset through his last insured date (Tr. 32).

**ISSUES**

Bremer alleges the ALJ erred when he assessed credibility and the weighed

the medical evidence. ECF No. 14 at 14. The Commissioner asks the court to

ORDER - 7

affirm, alleging the ALJ applied the correct legal standards and the decision is supported by substantial evidence. ECF No. 18 at 18.

## DISCUSSION

*A. Credibility*

Bremer challenges the ALJ's credibility assessment. ECF No. 14 at 14-18.

To aid in weighing the conflicting medical evidence, the ALJ evaluated Bremer's credibility. Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).  It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reason for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). This has been, and continues to be, the correct standard in this circuit. *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014).

ALJ Sherry's reasons are clear and convincing.

He notes Bremer's statements have been inconsistent (Tr. 28). Bremer testified he applied for a few jobs after his military discharge. He was not hired and

thinks this was because he was honest about his disabilities with prospective

employers (Tr. 45). At other times Bremer said he thought he could not get a job

because he has a felony conviction from when he was a teenager (Tr. 28, 258,

358).  He has described the felony conviction as "minor offense" (Tr. 460).

The ALJ points out plaintiff has inconsistently reported his work history (Tr.

28). He testified that after onset he worked temporarily for Labor Ready (Tr. 43-

45, 56). The record also shows he also worked twenty hours a week for nearly two

years beginning in 2009 as a veteran's representative while attending college full

time (Tr. 170). The Commissioner is correct that failing to mention this in his

testimony or to the agency when he applied for benefits does not necessarily

establish the ability to work full time, but the ALJ was entitled to consider it as

evidence of a lack of candor. ECF No. 18 at 14.

Bremer testified the medications prescribed for anxiety and depression

(prozac and paxil) cause "bad headaches" and do not help very much (Tr. 51, 58-

59).  In July 2010 he admitted recently started taking prozac regularly; prior to that

he was noncompliant. In September 2010 plaintiff said he had no side effects from

the antidepressants and felt it was helping (Tr. 318, 321, 595). In January 2011 he

told a provider prozac helped in the past, he had little response so far and no side

effects (Tr. 303). In September 2011 he wanted to go back on prozac. He "tolerated

it fine" in the past but admitted he did not take it consistently for long (Tr. 287).

In March 2013 Plaintiff told the VA his two children lived with him and he hoped to reunite with his former spouse. The children were ages 8 and eleven. He said he attends school activities, plays ball with his children, helps with homework, coaches his daughter's basketball team, cooks, cleans, does laundry and shops. In October 2013 he told a provider he was working construction "to make ends meet." As noted, plaintiff attended college for two years after onset, beginning in 2009, and worked twenty hours a week for almost two years as a veteran's representative. His GPA has been 2.5, 3.5 and 4.0. He is one class shy of earning his AA degree (Tr. 226, 238-39, 315, 328-30, 457, 459, 510).

Contrary to his testimony, the record shows plaintiff said he could walk two miles (in 2011) and play basketball with his children (in 2013) (Tr. 226, 239, 309). In November 2013 he "was not yet ready" to consider neurosurgery for his back problems (Tr. 444).

Additional evidence supports the ALJ's determination. Plaintiff told the VA he had not smoked marijuana since he smoked it once in high school. In 2007 he told them he smoked it twice a month (Tr. 370, 459).

The ALJ's reasons are clear, convincing and supported by the record. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005)(lack of medical evidence is properly considered as long as it is not the sole basis for discounting pain testimony, daily activities are properly considered); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th

Cir. 2002)(proper factors include inconsistencies in claimant's statements and inconsistencies between statements and conduct); *Fair v. Bowen*, 885 F.2d 597, 603 (9ᵗʰ Cir. 1989)(unexplained or inadequately explained noncompliance with medical treatment is properly considered).

*B. Weighing opinion evidence*

Bremer alleges the ALJ should have given more credit to the opinions of Jan Lewis, Ph.D., and to the V.A.'s disability determination. ECF No. 14 at 18-20, referring to Tr. 28-30. The Commissioner answers that the ALJ's reasons for partially rejecting these contradicted opinions are specific and legitimate. ECF No. 18 at 15-18.

Agency reviewing psychologist Dr. Lewis opined Bremer is mildly limited in the ability to perform activities of daily living and moderately limited in social functioning and in the ability to maintain concentration, persistence and pace (Tr. 86). Dr. Lewis opined Bremer would work best if away from the public and would be capable of basic, work-related interactions with co-workers (Tr. 86-87). She opined Bremer is capable of simple, routine tasks and some complex tasks (Tr. 86).

As the Commissioner correctly points out, the ALJ accepted these findings as consistent with the record as a whole and with Bremer's demonstrated functioning. ECF No. 18 at 16, citing Tr. 28. Plaintiff alleges the ALJ rejected Dr. Lewis's opinion, but this is not entirely accurate. The ALJ simply gave less weight

ORDER - 11

to a portion of Dr. Lewis's opinion: plaintiff's concentration, persistence and pace are moderately limited and would wane occasionally (Tr. 28-29, citing Tr. 86). The ALJ is correct that this assessment is undercut by plaintiff's demonstrated ability to attend college full-time and work part-time (as well as function at times as a single parent), because all of these tasks require concentration, persistence and appropriate pace. The ALJ may properly reject a physician's contradicted opinion that is inconsistent with the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007)(citation omitted).

The ALJ similarly gave some weight to the VA's disability determination. He notes the record contains several references to the disability rating (Tr. 29, referring to, for example, Ex. 4F/39, 4F/58-64).  The VA's rated disabilities include PTSD (50%), flat foot (10%), degenerative arthritis of the spine (10%), sciatic nerve neuritis (10%), paralysis of sciatic nerve (10%), hiatal hernia (10%) and traumatic arthritis (10%), for a total service connected disability of 80% (Tr. 29).

An ALJ "must ordinarily give great weight to a VA determination of disability." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). Because the VA and the SSA programs are not identical, the ALJ may give less weight to the VA disability rating by giving persuasive, specific and valid reasons for doing so that are supported by the record. *McCartey*, 298 F.3d at 1076, citing *Chambliss*

*v. Massanari*, 269 F.3d 520, 552 (5th Cir. 2001)(per curiam).

The ALJ did not give great weight to the VA determination because the total number meant little without the underlying rationale and the basis for the determination. In addition, the ALJ notes the disability rating does not provide a function-by-function analysis of plaintiff's abilities, as required by the Social Security Administration's rules and regulations; for this reason, the rating itself (without the underlying rationale and basis for the determination) is not probative of plaintiff's functional abilities (Tr. 29).

Significantly, ALJ Sherry made several attempts to obtain the missing information (the rationale and the bases underlying the disability rating) but was unable to because plaintiff repeatedly failed to cooperate. *See* Tr. 147, 194-96, 198, 201. This is significant because both programs require claimants to present extensive medical documentation in support of their claims. *McCartey*, 298 F.3d at 1076 (cited statutory references omitted). By failing to provide this documentation, the ALJ was unable to properly evaluate the basis for the VA's disability determination.

The ALJ's reason is persuasive, specific and valid. It is supported by substantial evidence.

The ALJ generally credited the VA clinicians who assessed plaintiff's global functioning (GAF) as between 52 and 58, indicating moderate symptoms or

ORDER - 13

functional difficulty (Tr. 30). See Tr. 235, 308 (2011 and 2013); Tr. 328, 331, 335, 338, 341, 343, 358, 373, 380 (2007); Tr. 462 (2013); Tr. 557 (2011); Tr. 692, 718 (2013)[note some of these records are repeated at Tr. 792, 812, 815, 820, 823, 826, 828, 843, 858, 866]. The ALJ gave these opinions some weight, noting the scores are generally consistent with the record as a whole with respect to plaintiff's demonstrated social functioning and ability to maintain concentration, persistence and pace (Tr. 30).

It is the ALJ's province to resolve ambiguity in the record, such as conflicting medical opinions. Although Bremer alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

The ALJ's reasons for rejecting more dire limitations are specific, legitimate and supported by substantial evidence. The ALJ assessed an RFC that is consistent with the record as a whole. There was no harmful error.

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful error.

**IT IS ORDERED**:

1. Defendant's motion for summary judgment, **ECF No. 18**, is **granted.**

ORDER - 14

1       2. Plaintiff's motion for summary judgment, ECF No. 14, is denied.

2       The District Executive is directed to file this Order, provide copies to

3  counsel, enter judgment in favor of defendant, and **CLOSE** the file.

4       DATED this 17th day of December, 2015.

5                              _s/ James P. Hutton_

6                              JAMES P. HUTTON

7                        UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

ORDER - 15